UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM MUNCH,

    Plaintiff,

VS.                                  Case No: 8:13-cv-1179-T-17TGW

CREDIT PROTECTION
ASSOCIATION, LP and COMCAST
OF TALLAHASSEE, LLC,

    Defendants

### MOTION FOR AWARD OF COSTS AND ATTORNEY'S FEES

Plaintiff, William Munch, hereby moves the Court for an award of attorney fees against defendants Credit Protection Association, LP And Comcast of Tallahassee, LLC, pursuant to the provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(a)(3), and the Florida Consumer Collection Practices Act ("FCCPA"); § 559.77(2), Fla. Stat.; (collectively "the Acts") and in support thereof states as follows:

1. The plaintiff is represented in this action by Frederick W. Vollrath., attorney at law.

2. The plaintiff is entitled to fees against the defendant Comcast of Tallahassee, LLC, by virtue of a default being entered against them by the Clerk of the Federal District Court, Middle District of Florida, for failure to file any responsive pleadings after having been served through the Secretary of State of the State of Florida and from the defendant Credit Protection Association, LP by virtue of a settlement.

3. The plaintiff in this action was successful within the meaning of 15 U.S.C.

§1692k(a)(3) of the FDCPA, and within the meaning of § 559.77(2), Fla. Stat., of the FCCPA, both of which provide for award of attorneys' fees upon the successful assertion of any claim thereunder.

4. The plaintiff and the below-signed counsel have agreed that counsel will accept whatever fees are awarded by this Court in lieu of direct payment by the client; as such, the agreement constitutes a contingent fee contract.

5. A sworn Declaration of Costs and Attorney's Time Expended together with detailed time records in this action are attached as Exhibit "A," and the time and costs reflected thereon are fair, accurate, and reasonable.

6. The below-signed attorney charges fees at the rate of $350 per hour for litigation similar to this action, and that hourly rate is in line with prevailing market rates for such litigation in the Tampa Bay area by attorneys with similar skills in litigating in both state and federal courts, experience in excess of forty (40) years of continuously practicing trial law and more recently consumer protection law in the Tampa Bay area, as well as reputations and abilities, as shown by the Unsworn Declaration as to Attorney's Fees attached as Exhibit "B".

7. This action has been brought and litigated by a party acting as a "private attorney general" in order to enforce and vindicate important consumer rights specified by the United States Congress in the FDCPA and by the Florida Legislature in the FCCPA. Accordingly, society as a whole benefits from the bringing of such actions, and it has been made clear that both aggrieved consumer and consumer protection attorneys *should be encouraged* to bring such actions. *Valencia v. Affiliated Group, Inc.*, 674 F.Supp.2d 1300, 1304 (S.D. Fla., 2009) (the FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress' intent that [it]

should be enforced by debtors acting as private attorneys general....The purpose behind the prevailing party attorney's fee provision is to encourage competent attorneys to work on cases that might otherwise be avoided"); *see also Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 91, 96 (2d Cir. 2008). The self-enforcing nature of the FDCPA has also been recognized by the Supreme Court, which has referred to "the FDCPA's calibrated scheme of statutory incentives...." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A.*, 130 S.Ct. 1605, 1624 (2010). Prevailing plaintiffs are also entitled to attorney fees for time spent litigating the issue of fees. Attorney fees are allowed to the prevailing party by federal statute, the compensable fees include time spent litigating both the entitlement to and amount of fees incurred; i.e. "fees for litigating fees." Thompson v. Pharmacy Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (statutory fees for civil rights litigants includes "fees for litigating fees")

8. "A request for attorney's fees should not result in a second major litigation," *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); further, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of city of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

WHEREFORE, Plaintiff William Munch hereby moves the Court for award of reasonable attorney's fees in the above-captioned action pursuant to the provisions of the federal Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act against the defendants jointly and severally.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR AWARD OF ATTORNEY FEES

### I. SUMMARY OF ARGUMENT

**A. PLAINTIFF'S ACTION WAS SUCCESSFUL, AND THE AWARD OF FEES IS THEREFORE MANDATORY.**

**B. THE AMOUNT OF FEES AWARDED SHOULD BE FIGURED ACCORDING TO THE LODESTAR FORMULA.**

**C. THE LODESTAR SHOULD NOT BE REDUCED DUE TO NATURE OF REPRESENTATION OR THE AMOUNT OF THE JUDGMENT AWARDED.**

**D. THE PLAINTIFF IS ENTITLED TO AWARD OF FEES FOR TIME EXPENDED IN PREPARING THIS MOTION.**

### II. ARGUMENT

**A. PLAINTIFF'S ACTION WAS SUCCESSFUL.**

"The award of attorneys fees' to a prevailing party is mandatory under the FDCPA. *Valencia v. Affiliated Group, Inc.*, No. 07-61381-CIV, 2009 WL 4893113, at *2 (S.D. Fla. Sept. 21. 2009)." *Hepsen v. J.C. Christensen and Associates, Inc.*, No. 8:07-CV-1935-T-EAJ (M.D. Fla. April 1, 2010). Thus, award of attorneys' fees is neither special nor discretionary; rather, it is a recognition of and means of fulfilling Congressional intent that the Act should be enforced by debtors acting as "private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). *See also DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

The plaintiff prevailed in this action, as noted above. Accordingly the award of fees and costs to the plaintiff under the FDCPA and FCCPA is mandatory.

**B. THE ATTORNEYS' FEE AMOUNT SHOULD BE FIGURED ACCORDING TO THE LODESTAR FORMULA.**

The Supreme Court has ruled that "[t]here is a strong presumption that the lodestar is sufficient...." *Perdue v. Kenny A.*, 130 S.Ct. 1662 (2010). Further "[w]e have noted that the

lodestar figure includes most, if not all, of the relevant factors constituting a reasonable attorney's fee....We have also held that the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'" *Id.* (Internal citations and quote marks omitted.) Accordingly, the lodestar method should be used in awarding fees under the FDCPA. *Moton v. Nathan & Nathan, P.C.*, 2008 WL 4747423 (11th Cir. Oct. 28, 2008).

The first step in determining a lodestar amount is to arrive at a reasonable hourly billing rate for services provided. An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988), and "the party seeking attorneys' fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates, which normally requires more than the affidavit of the attorney performing the work." *Hepsen v. J.C. Christensen and Associates, Inc.*, No. 8:07-CV-1935-T-EAJ (M.D. Fla. April 1, 2010) (citation and internal quotations omitted).

Although the fee applicant bears the burden of establishing entitlement and documenting appropriate hours and hourly rates, *Webb v. Bd. of Educ. of Dyer County*, 471 U.S. 234, 242 (1985), "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because [t]here is no precise rule or formula for making these determinations.... Further, [t]he court is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment

either with or without the aid of witnesses as to value." *Hepsen v. J.C. Christensen and Associates, Inc.*, No. 8:07-CV-1935-T-EAJ (M.D. Fla. April 1, 2010) (citations and internal quotations omitted).

The below-signed attorney has expended time in this litigation as reflected in the Unsworn Declaration attached as Exhibit "A". Those amounts of time were reasonable and necessary to reach the successful results in this litigation. In addition, the hourly rate of $400 is reasonable. *See Gradisher v. Check Enforcement Unit, Inc.*, 2003 WL 187416 (W.D. Mich. Jan. 22, 2003) (ten years ago attorney fee rates of $300 to $400 per hour were reasonable for a lawyer with a great deal of experience in bringing FDCPA cases).

Thus, the amount that should be awarded in this action pursuant to the lodestar calculation is reflected in the Unsworn Declaration of Costs and Attorney's Time Expended attached.

### C. THE LODESTAR MAY NOT BE REDUCED DUE TO NATURE OF CASE OR AMOUNT OF THE JUDGMENT AWARDED.

The plaintiff seeks an award of attorney fees based upon the lodestar formula, nothing less and nothing more. Indeed, "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995) (citation omitted). Indeed, the award of attorney fees is not limited by the amount of damages: As long as the plaintiff is successful, the plaintiff should not be awarded less than the lodestar amount of attorney fees. "In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under section 1988 be proportionate to damages

recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986) (footnote omitted). See *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996); *Carroll v. Wolpoff & Abramson*, 961 F.2d 459 (4th Cir. 1992), *cert. denied*, 505 U.S. 905 (1992).

The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions protecting consumer rights are more important than the small damage awards allowed under the FDCPA. Thus, when a provision for counsel fees is included in a regulatory act, it constitutes recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney fees: "If the citizen does not have the resources, his day in court is denied him; the Congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire Nation, not just the individual citizen, suffers." *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986) (citation omitted).

The Third Circuit has amplified this concept, stating as follows:

> **Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.**

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3rd Cir. 1988). "Congress has relied on such plaintiffs to act as private attorneys general." *Id.* at 1450, n.13.

### D. THE PLAINTIFF IS ENTITLED TO AN AWARD OF FEES FOR THE TIME EXPENDED IN PREPARING THIS MOTION.

The affidavits submitted by counsel for the plaintiff detail the time expended in this litigation up to the date hereof, including time expended preparing this motion for award of

-7-

attorney fees. An award of fees is appropriate for the time expended in pursuing a motion for award of attorney fees. *Haitian Refugee Center v. Meese*, 791 F.2d 1489 (11th Cir. 1986). "[A]ttorney's fees may be awarded for time spent litigating the fee claim." *Johnson v. State of Mississippi*, 606 F.2d 635, 638 (5th Cir. 1979). *See also Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521 (D.C. Cir. 1984) (hours reasonably devoted to request for fees are compensable).

### III. CONCLUSION

Based upon the above authorities, the lodestar calculation should be used to award attorney fees to counsel for the plaintiff in the amount of $22,120 together with costs in the amount of $520.00 for a total of $23,894.

Respectfully submitted,

*/s/ Frederick W. Vollrath*
Frederick W. Vollrath

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing document was furnished via the Court's CM/ECF system to be distributed to the parties of record and/or their counsel this ___ day of December, 2013.

/S/ Frederick W. Vollrath

-8-

Frederick W. Vollrath, Esq.
Attorney for Plaintiff
307 South Fielding Avenue
Suite 2
Tampa, Florida, 33606
(813)335-4379
FBN: 165-812
fredvollrath@aol.com