**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM MUNCH,

      Plaintiff,

v.                              Case No.: 8:13-CV-1179-T-17TBM

CREDIT PROTECTION ASSOCIATION, LP
and COMCAST OF TALLAHASSEE, LLC,

      Defendants.

_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation (R&R) Magistrate Judge Elizabeth A. Jenkins issued on August 21, 2014. (Doc. # 55). Magistrate Judge Jenkins recommended the Court accept, reduce, and reject certain portions of Plaintiff's attorney's fees, based on Plaintiff's First Motion for Attorney's Fees, (Doc. # 28), filed December 20, 2013, and Defendant's, CREDIT PROTECTION ASSOCIATION, LP, Response in Opposition, (Doc. # 33), filed January 15, 2014. Defendant objected to the R&R on September 4, 2014, (Doc. # 56), and Plaintiff responded to Defendant's objections on September 15, 2014. (Doc. # 57). For the reasons stated below, the Court **ADOPTS in PART** the R&R.

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667 (1980); Jeffrey S. v. State Board of Education of State of Georgia, 896 F.2d 507 (11th Cir. 1990).

Defendant lodged three objections to the R&R, which include: 1) the applicable law shows that the Court need not perform an hour-by-hour and line-by-line examination when only a modest fee award is appropriate, and the amount should have been reduced accordingly; 2) the history of settlement shows that Plaintiff's counsel should not be awarded for his unreasonable positions with respect to settling his attorney fees and costs; and 3) the time awarded for emails is unreasonable and clearly erroneous. (Doc. # 56). The Plaintiff responded to Defendant's objections, and noted the objections were unsupported by case law, contrary to the evidence presented, or fell within the broad discretion of the Court for determination. (Doc. # 57).

The Court has reviewed the report and recommendation and made a de novo review of the record. Upon due consideration, the Court concurs with the report and recommendation with respect to all determinations with the exception of the number of hours awarded for emails. While counsel for Plaintiff argues emails "are the quickest, cheapest, and least time-consuming method of communication," the claimed number of emails for a straight forward and simple case—such as the case presented here—is unreasonable. (Doc. # 57). While Magistrate Judge Jenkins reduced the total number of billed hours for attorney-client communication from 27.8 hours to 20 hours, Magistrate Judge Jenkins further determined reasonable the 2.3 hours for communications with opposing counsel and 6.5 hours for attorney work related to discovery, an aggregate of 8.8 hours of total work related to litigation, save communications and the issue of attorney's fees. (Doc. # 55). Plaintiff's counsel did not object to these determinations of hours or reasonability. (Doc. # 57).

The Court finds a 1:1 ratio of attorney-client related communication to litigation work appropriate, resulting in a reduction from the original 27.8 hours (and the recommended 20 hours) to 8.8 total hours. For instance, from March 1, 2013, through May 15, 2013, the attorney solely communicated through email and billed approximately 5 hours for emails without any litigation-related work. (Doc. # 28-1). Similarly, from September 5, 2013, through October 21, 2013, the attorney solely communicated through email and billed approximately 6.5 hours for emails after spending 0.4 hours reviewing settlement proposals. The 1:1 ratio reduction for attorney-client communication would reduce otherwise excessive, redundant, or otherwise unnecessary hours, and result in an aggregate of 12.9 hours of email communication—8.8 hours for attorney-client emails; 1.8 hours for emails with the paralegal; and 2.3 hours for emails with opposing counsel.

The remainder of Defendant's arguments are unpersuasive and fall within the discretion of the Court—namely, to conduct a line-by-line determination of attorney's fees rather than award a flat fee. After conducting a de novo review of the factual record, the Court adopts the R&R with the exception of the previously-discussed matter relating to attorney-client communication. Accordingly, it is

**ORDERED** that the report and recommendation (Doc. # 55) be **ADOPTED in PART** and **INCORPORATED by REFERENCE**; the objections of the Defendant with respect to the determination of attorney-client communications are **SUSTAINE**D and the remainder are **OVERRULED**; and the Court awards the following fees and costs:

| Name | Hours | Hourly Rate | Fees |
|------|-------|-------------|------|
| Vollrath | 25.40 | $350.00 | $8,890.00 |
| Paralegal | 11.45 | $95.00 | $1,087.75 |
| **TOTAL** | **36.25** | | **$9,977.75** |

Case No.: 8:13-CV-1179-T-17TBM

In addition to the award for costs of $400.00 for filing the case, Plaintiff is awarded $10,377.75 in fees and costs.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 24th day of September, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
Assigned Magistrate Judge