UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM MUNCH,

      **Plaintiff,**

v.                                **Case No.: 8:13-CV-1179-T-17EAJ**

CREDIT PROTECTION ASSOCIATION, LP,
et al,

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff William Munch's ("Plaintiff's") **Motion for Supplemental Costs**.[1] (Dkt. 62)  In the motion, Plaintiff requests supplemental costs of $600.00 for the fee paid to an expert witness. Plaintiff's attorney, Frederick Vollrath ("Vollrath"), retained attorney Timothy Condon "to review and evaluate the reasonableness of the fees requested" in Vollrath's motion for supplemental attorney's fees (Dkt. 59) related to his filing a response to Defendant Comcast of Tallahassee's ("Defendant Comcast's") objections (Dkt. 56) to the undersigned's Report and Recommendation (Dkt. 55). The undersigned recommends that Plaintiff's Motion for Supplemental Costs (Dkt. 62) be denied.

What was a relatively straightforward Fair Debt Collections Practices Act ("FDCPA") case at the outset has now involved more litigation related to Vollrath's fees than the merits of Plaintiff's claim. Indeed, after this case was filed on May 2, 2013, settlement discussions began on June 26, 2013, and a notice of settlement was filed on November 25, 2013. However, the main issue during

---

[1]    The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 62). See 28 U.S.C. § 636(b)(1).

the parties' settlement discussions was Plaintiff's attorney's fees. (Dkt. 55 at 10-11)

"Lawyers should not be compensated for turning the litigation about attorneys' fees into a 'second major litigation.'" Thompson v. Pharmacy Corp. of Am., 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)).

In addition to the 4.3 hours Vollrath billed for drafting the initial fee petition and 1 hour of paralegal time related to the initial fee petition, which the Court agreed was compensable, Vollrath has filed a motion for an additional award of 13 hours of attorney time and 1.2 hours of paralegal time related to his preparation of an eight-page response to Defendant Comcast's objection to the Report and Recommendation.[2]

In this motion, Plaintiff seeks $600.00 in costs for the 1.5 hours attorney Timothy Condon spent reviewing the file and documents, conferencing with Vollrath, and drafting an unsworn declaration supporting the reasonableness of Vollrath's supplemental fee petition. While the FDCPA grants prevailing plaintiffs "the costs of the action," 15 U.S.C. § 1692k(a)(3),[3] this district limits costs in FDCPA cases to those allowed under 28 U.S.C. § 1920.[4] See Montgomery v. Fla. First Fin. Group, Inc., No. 06-CV-1639-ORL-31KRS, 2008 WL 3540374, at *15 (M.D. Fla. Aug. 12, 2008) (finding the plaintiff's costs limited to those allowed under 28 U.S.C. § 1920).

---

[2] Plaintiff's Motion for Award of Supplemental Fees for Work Performed in Defending the Magistrate's Report and Recommendation (Dkt. 59) is not before the undersigned for consideration.

[3] This statute is the only legal basis cited in Plaintiff's motion for the $600.00 assessment.

[4] A judge or clerk of any court of the United States *may* tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920 (emphasis added).

As Condon's services are not compensable under the applicable law, the motion should be denied.  Additionally, the reasonableness of the request is dubious given the overall history of the fees litigation.  As one would not expect Vollrath to charge his client for such an expense, it would be unreasonable to expect Defendant to pay it as well.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)     Plaintiff's Motion for Supplemental Costs (Dkt. 62) be **DENIED**.


**Dated: December 3rd, 2014**

ELIZABETH A JENKINS
United States Magistrate Judge


## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).


Copies to:
Counsel of Record
District Judge

3