**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM MUNCH,

    Plaintiff,

v.                                        Case No. 8:13-CV-1179-T-17EAJ

CREDIT PROTECTION ASSOCIATION, LP
and COMCAST of TALLAHASSEE, LLC,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter comes before the Court pursuant to Defendant's, COMCAST of TALLAHASEE, LLC ("Comcast" or "Defendant"), Motion to Dismiss, (Doc. 52), filed May 1, 2014, and Plaintiff's Response in Opposition, (Doc. 53), filed May 12, 2014. For the reasons that follow below, Defendant's Motion is **GRANTED**.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A Defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-prong approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned […] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

**BACKGROUND**

Sometime between December 2012 and January 2013, Credit Protection Association ("CPA") contacted Plaintiff regarding an alleged unpaid bill for cable services that Comcast provided. (Doc. 27 at ¶9). Soon thereafter, on January 14, 2013, Plaintiff received a letter from CPA that referenced the alleged unpaid bill and included a return envelope for payment. (Doc. 27 at ¶10). Plaintiff then wrote a check for the full $493.91 owed and mailed it to the address on the envelope. (Doc. 27 at ¶11). Although Plaintiff's

checking account was debited $493.91 on February 7, 2013, CPA subsequently communicated to Plaintiff that the check was not received, he should pay the debt immediately over the telephone, and the check would be voided and returned to Plaintiff upon receipt. (Doc. 27 at ¶¶12–15). Plaintiff paid the debt and his account was debited $493.91 with a notation from CPA. (Doc. 27 at ¶¶16–17). CPA did not, however, void and return the check, but rather deposited it, which resulted in a $72.00 overdraft fee to Plaintiff's check account. (Doc. 27 at ¶18).

On February 11, 2013, attorney Jacob J. Munch contacted CPA by telephone to advise he represented Plaintiff on the debt collection matter. (Doc. 27 at ¶19). The following day Mr. Munch sent CPA a letter to the attention of the supervisor with whom he spoke on February 11, 2013, informing his representation of Plaintiff. (Doc. 27 at ¶20). On February 18, 2013, and February 19, 2013, CPA sent one notice to Plaintiff each day stating that he owed a past due balance of $493.91. (Doc. 27 at ¶¶21–22). These notices referenced the creditor as "Comcast-09587," an entity Plaintiff alleges does not exist, or is not registered with the Florida Department of State. (Doc. 27 at ¶23).

As it relates to the moving Defendant, Plaintiff alleges Defendant is a creditor within the meaning of the Florida Consumer Collection Practices Act ("FCCPA"), and violated the FCCPA by "willfully engaging in conduct that could reasonably be expected to abuse or harass Plaintiff or any member of…his family" and attempting to enforce a debt by causing CPA to send collection notices Plaintiff already paid. (Doc. 27 at ¶¶26, 37, 39). Plaintiff also alleges Defendant is a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), and violated the FDCPA by using the name "Comcast-09587" to collect or attempt to collect a debt. (Doc. 27 at ¶¶27, 41).

3

**DISCUSSION**

This Court must accept the factual allegations as true and construe them in a light most favorable to the Plaintiff.  <u>Alvarez</u>, 679 F.3d at 1261.  Construing the facts in this light, and eliminating the legal conclusions contained in the Amended Complaint, Plaintiff has not sufficiently pled factual allegations upon which relief is plausible to survive Defendant's Motion to Dismiss.  <u>Am. Dental Ass'n</u>, 605 F.3d at 1290

I. **Factual Sufficiency of Plaintiff's FCCPA Claim Against Comcast**

   A. **Plaintiff Fails to State a Claim Under Florida Statute Section 559.72(7)**

To establish a claim for violation of FCCPA, a plaintiff may plausibly allege a defendant willfully communicated with plaintiff (or a member of plaintiff's family) "with such frequency as can reasonably be expected to harass" the plaintiff or plaintiff's family or willfully engaged in other conduct "which can reasonably be expected to abuse or harass" the plaintiff or the plaintiff's family.  Fla. Stat. § 559.72(7).

Here, Plaintiff's Response in Opposition alleges Comcast violated the FCCPA through the actions of CPA—i.e., vicarious liability, (Doc. 53); however, Plaintiff's amended complaint simply states in Counts III and IV that Comcast violated "F.S. 559.72(7) by willfully engaging in conduct that could reasonably be expected to abuse or harass [Plaintiff] or any member of her or his family."  (Doc. 53 at ¶¶37(a), 39(a)).  The amended complaint is barren of any allegations that Comcast controlled or directed CPA's actions associated with collecting debt.  While Plaintiff would have the Court rely on <u>Bent v. Smith, Dean & Associates, Inc.</u>, 2011 WL 2746847 (M.D. Fla. 2011), for the proposition of vicarious liability and agency, the court in <u>Bent</u> specifically noted that the plaintiff alleged an agency relationship in the complaint that precluded dismissal.

**B. Plaintiff Fails to State a Claim Under Florida Statute Section 559.72(9)**

To establish a claim for violation of FCCPA, a plaintiff may plausibly allege a defendant claimed, attempted, or threatened to enforce a debt with plaintiff when that defendant knew the debt was not legitimate. Fla. Stat. § 559.72(9); Read v. MFP, Inc., 85 So.3d 1151 (Fla. Dist. Ct. App. 2012).

Here, Plaintiff alleges Defendant caused CPA to send collection notices February 18, 2013, and February 19, 2013. (Doc. 27 at ¶¶37, 39). Plaintiff does not provide any factual basis for why, how, or when Defendant caused CPA to send the letters, or knew the letters were sent; the allegation is simply conclusory and not based on any facts alleged in the amended complaint. Plaintiff cites a number of cases in which the terms "cause to be" or "caused to be" were used in the pleadings, findings, and orders. Lewis v. ARS Nat'l Services. Inc., 2011 WL 3903092 (M.D. Ala. 2011) (certifying class against defendants that sent or caused to be sent debt notifications); Harris v. D. Scott Carruthers & Assoc., 270 F.R.D. 446 (D. Neb. 2010) (certifying class against defendants that sent or caused to be sent debt notifications); Erickson v. Credit Bureau Services, Inc., 2013 WL 672313 (D. Neb. 2013) (approving jointly-proposed final approval of a proposed class settlement); Donnelly-Tovar v. Select Portfolio Servicing, Inc., 945 F.Supp.2d 1037 (D. Neb. 2013) (denying motion to dismiss challenging the application of the FDCPA to defendant's alleged actions); Joy v. MERSCORP, Inc., 935 F.Supp.2d 848 (E.D.N.C. 2013) (denying motion to dismiss, holding that defendant is a debt collector under the FDCPA). Plaintiff ignores, however, the procedural postures, and whether the pleadings in each case went beyond conclusory statements of law absent sufficient factual bases.

Case No. 8:13-CV-1179-T-17EAJ

In <u>Lewis</u>, the court certified a class against defendants that allegedly violated debt collection laws. 2011 WL 3903092. While the defendants in <u>Lewis</u> moved for dismissal on various theories, the court ultimately denied the motion without specifying the reasons for denial, <u>see</u> <u>Lewis</u>, 09-CV-1041, Doc. 32, and later certified the class based on the operative complaint. 2011 WL 3903092. In <u>Harris</u>, it is unclear whether the defendants ever challenged the "caused to be sent" language; from a review of the defendants' pleadings, the objections concerned whether the class ever received the letters and the defined residence for certain class members. See <u>Harris</u>, 09-CV-154, Doc. 115. In <u>Erickson</u>, the parties jointly proposed the approved class. 2013 WL 672313. In <u>Donnelly-Tovar</u>, the defendant challenged the complaint's sufficiency on different grounds than the "caused to be sent" language. 945 F.Supp.2d. 1037. In <u>Joy</u>, the operative complaint lays out in great detail the defendants' actions and the manner in which those defendants "caused" certain documents to be filed. See <u>Joy</u>, 10-CV-218, Doc. 141.

## II. Factual Sufficiency of Plaintiff's FDCPA Claim Against Comcast

To establish a claim for violation of FDCPA, a plaintiff must plausibly allege: 1) the plaintiff was the object of collection activity arising from consumer debt; 2) the defendant is a debtor collector as defined by the FDCPA; and 3) the defendant engaged in an act or omission the FDCPA prohibits. 15 U.S.C.A. § 1692, <u>et</u> <u>seq</u>.

Here, Plaintiff alleges CPA's use of "Comcast-09587" in the notices attributes to Defendant a violation of 15 U.S.C.A. § 1692(e)(14).[1] Plaintiff does not, however, allege any factual basis for which Comcast would or could be responsible for CPA's actions. Plaintiff's cause of action under the FDCPA against Comcast fails as a matter of law,

---

[1] The Court notes Plaintiff's request to substitute 15 U.S.C.A. § 1692(e)(10) for § 1692(e)(14) based on scrivener's error, and will conduct the analysis as though 15 U.S.C.A. § 1692(e)(14) was alleged.

because there is no basis upon which plausible relief could be granted against Comcast for CPA's allegedly fraudulent or deceptive act of using "Comcast-09587" rather than "Comcast of Tallahassee, LLC" to pursue the debt against Plaintiff; as Plaintiff's amended complaint reads, Comcast did not engage in any act or omission—CPA did—and there is no basis for vicarious liability, discussed supra.

Accordingly, it is **ORDERED** that Counts III, IV, and V are dismissed without prejudice; Plaintiff is granted leave to file a second amended complaint before 5:00 P.M. on March 27, 2015.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of March, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record